Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 210225-142609
DATE: July 14, 2021

ORDER

Entitlement to an initial 60 percent evaluation for kidney disorder is granted.

Entitlement to an earlier effective date prior to August 14, 2018, for the grant of service connection for kidney disorder is denied.

FINDINGS OF FACT

1. The Veteran has constant albuminuria with some edema and definite decrease in kidney function.

2. The RO received the Veteran's claim of entitlement to service connection for kidney disorder on August 14, 2018, and no other earlier claim is either alleged or demonstrated by the record.

CONCLUSIONS OF LAW

1. The criteria for entitlement to an initial 60 percent evaluation for kidney disorder have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.115a, 4.115b, Diagnostic Code 7541.

2. The criteria for entitlement to an earlier effective date prior to August 14, 2018, for the grant of service connection for kidney disorder have not been met. 38 U.S.C. § 5110; 38 C.F.R. § 3.400.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from January 1966 to September 1969. 

The Board notes that the rating decision on appeal was issued in October 2020. The Veteran timely appealed this rating decision to the Board. 

In the February 2021 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Evidence Submission docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran, or his representative, with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303.

1. Entitlement to a compensable evaluation for kidney disorder

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities (rating schedule), found in 38 C.F.R. Part 4. The Board attempts to determine the extent to which a veteran's service-connected disability adversely affects his or her ability to function under the ordinary conditions of daily life, and the assigned rating is based, as far as practicable, upon the average impairment of earning capacity in civil occupations. 38 U.S.C. § 1155; 38 C.F.R. §§ 4.1, 4.10.

When a reasonable doubt arises regarding the degree of disability, such doubt will be resolved in favor of the claimant. 38 C.F.R. § 4.3. If there is a question as to which evaluation to apply to a veteran's disability, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7.

A Veteran's entire history is to be considered when making disability evaluations. See 38 C.F.R. 4.1, 4.2; Schafrath v. Derwinski, 1 Vet. App. 589 (1995). Where the issue involves the assignment of a disability rating following the initial award of service connection for that disability, as is the case here, the entire history of the disability must be considered, and separate ratings can be assigned for separate periods of time based on the facts found, a practice known as "staged" ratings. Fenderson v. West, 12 Vet. App. 119, 126 (1999).

In making all determinations, the Board must fully consider the lay assertions of record. A Veteran is competent to report on that of which he or she has personal knowledge. Layno v. Brown, 6 Vet. App. 465, 469 (1994). When considering whether lay evidence is competent, the Board must determine on a case by case basis whether a veteran's particular disability is the type of disability for which lay evidence may be competent. See Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011); see also Jandreau v. Nicholson, 492 F.3d 1372, 1376 -77 (Fed. Cir. 2007).

The Board must assess the credibility and weight of all the evidence, including the medical evidence, to determine its probative value, accounting for evidence that it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the claimant. See Wilson v. Derwinski, 2 Vet. App. 614, 618 (1992); Hatlestad v. Derwinski, 1 Vet. App. 164 (1991). Equal weight is not necessarily accorded to each piece of evidence contained in the record; not every item of evidence necessarily has the same probative value.

The Veteran's kidney disorder has a noncompensable rating under Diagnostic Code 7541. Diagnostic Code 7541 provides that such disability should be evaluated based on the criteria pertinent to renal dysfunction. 38 C.F.R. § 4.115a. Under the rating criteria or renal dysfunction, a 30 percent rating is warranted where there is albumin constant or recurring with hyaline and granular casts or red blood cells; or, transient or slight edema or hypertension at least 10 percent disabling under diagnostic code 7101. A 60 percent rating is warranted where there is constant albuminuria with some edema; or, definite decrease in kidney function; or, hypertension at least 40 percent disabling under Diagnostic Code 7101. An 80 percent rating requires persistent edema and albuminuria with blood urea nitrogen (BUN) 40 to 80 mg percent; or, creatinine 4 to 8 mg percent; or, generalized poor health characterized by lethargy, weakness, anorexia, weight loss, or limitation of exertion. A maximum 100 percent evaluation is assigned for renal dysfunction requiring regular dialysis, or precluding more than sedentary activity from one of the following: persistent edema and albuminuria; or, BUN more than 80 mg percent; or, creatinine more than 8 mg percent; or, markedly decreased function of kidney or other organ systems, especially cardiovascular.

Albuminuria refers to the presence of albumin, a protein, in the urine. Dorland's Illustrated Medical Dictionary 45 (32nd ed. 2012). Albuminuria is also known as proteinuria and is the presence of an excess of serum proteins in the urine. Booton v. Brown, 8 Vet. App. 368, 369 (1995).

Under DC 7101, hypertensive vascular disease warrants a 10 percent rating when diastolic pressure is predominantly 100 or more, systolic pressure is predominantly 160 or more, or when an individual has a history of diastolic pressure predominantly 100 or more and requires continuous medication for control. 38 C.F.R. § 4.104, DC 7101. A 20 percent rating requires diastolic pressure of predominantly 110 or more or systolic pressure predominantly 200 or more. Id. A 40 percent rating requires diastolic pressure of predominantly 120 or more. Id. A 60 percent rating requires diastolic pressure of predominantly 130 or more. Id.

A February 2019 private treatment note shows the Veteran's BUN at 27.3 and creatinine at 0.9.

A March 2019 private treatment records shows the Veteran's blood pressure reading was 160/84 and it was noted the Veteran's blood pressure was elevated. April 2019 private treatment records reflect the Veteran has diastolic dysfunction. His blood pressure reading was 146/78. A June 2019 private treatment record notes the Veteran's blood pressure is poorly controlled with a blood pressure reading of 183/93.

In May 2019, the Veteran's BUN was 20. See May 2019 Private treatment records. Both an October 2019 VA treatment record and a November 2019 private treatment record note the Veteran's BUN was 24 and creatinine was 1.03.

A February 2020 VA treatment note states the Veteran's blood pressure is poorly controlled. The Veteran's blood pressure reading was 195/100.

The Veteran submitted an April 2020 independent medical evaluation by Dr. L.H. The private examiner noted the Veteran had a BUN elevated to 20 in May 2019. 

A May 2020 VA treatment record shows the Veteran is prescribed various medications for blood pressure.

The Veteran was afforded a VA examination in September 2020. The examination reflects the Veteran's kidney disorder does not require a treatment plan including taking continuous medication. The Veteran does not have renal dysfunction. The examination report noted the Veteran does not have any other pertinent physical findings, complications, conditions, signs, or symptoms related to his kidney disorder. The Veteran's BUN is abnormal at 27.3. His creatine level is normal at 0.9.

An October 2020 private treatment record shows the Veteran's blood pressure had been highly variable. His creatinine and albumin were within normal ranges.

The Veteran submitted a very thorough private evaluation conducted by Dr. M.S. in February 2021. Dr. M.S. noted the Veteran's blood pressure readings ran high. The Veteran had an elevated BUN at 27.3. Dr. M.S. in particular concluded that the Veteran has had a definite decrease in kidney function since at least 2012 and albuminuria since at least 2017 with intermittent swelling in the lower extremities. Dr. M.S. maintained that it was his professional opinion that the Veteran met the criteria for a 60 percent rating. The Board agrees. Accordingly, an initial rating of 60 percent under Diagnostic Code 7541 is warranted. 

2. Entitlement to an earlier effective date prior to August 14, 2018, for the grant of service connection for kidney disorder

The Veteran seeks entitlement to an earlier effective date for the grant of service connection for kidney disorder. The Veteran has not presented any theory of entitlement for an earlier effective date for the award of service connection, nor has he expressed what effective date for the award he considers to be appropriate.

Service connection for kidney disorder was granted in an October 2020 rating decision, and an effective date of August 14, 2018 was assigned.

Except as specifically provided, the effective date of a rating and award for pension, compensation, or dependency and indemnity compensation based on an original claim, a claim reopened after a final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 U.S.C. § 5110 (a); 38 C.F.R. § 3.400.

Turning to 38 C.F.R. § 3.400, effective March 24, 2015, VA amended its rules as to what constitutes a claim for benefits; claims are now required to be submitted on a specific claim form, prescribed by the Secretary, and available online or at the local RO.

The current effective date corresponds to the date of receipt of the Veteran's service connection claim, August 14, 2018. The record does not contain an earlier claim of entitlement to service connection for kidney disorder, and the Veteran does not allege the existence of any such claim. The Veteran was first diagnosed with kidney disorder prior to August 2018. The Veteran's claim for service connection is later than the date entitlement arose for entitlement. Therefore, the Board finds that entitlement to an earlier effective date for the grant of entitlement to service connection for kidney disorder is not warranted.

 (continued on next page) 

 

TANYA SMITH

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Alexia E. Palacios-Peters, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.